```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 02-292

HA NGUYEN                                   SECTION "R" (2)

### ORDER AND REASONS

Petitioner Ha Nguyen moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  For the following reasons the Court DENIES petitioner's motion.

**I.   PETITION FOR RELIEF UNDER SECTION 2255**

The Court entered a judgment and commitment order sentencing Nguyen to 136 months of imprisonment on February 20, 2004. Nguyen did not appeal his sentence or conviction, and it thus became final on March 5, 2004.  Nguyen initially mailed the instant motion to the Court on March 9, 2005.  He then withdrew the motion and remailed it sometime prior to November 9, 2006. Section 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion
> under this section. The limitation period shall run
> from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Nguyen's petition was sent to the Court more than one year after his conviction became final, so it is untimely and must be denied, unless another provision of section 2255 applies.

The petitioner asserts that he seeks to cure a "procedural violation," created by the holding in *United States v. Booker*, 543 U.S. 220 (2005).  Section 2255 provides that an extension of the statute of limitations will be granted when constitutional rights are made "retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2255.  "Generally speaking, federal habeas corpus petitioners may not rely on new rules of criminal procedure decided after their convictions have become final on direct appeal."  *United States v. Gentry*, 432 F.3d 600, 602 (5th Cir. 2005) (*citing Schriro v. Summerlin*, 542 U.S. 348 (2004)).  However, a new constitutional rule of criminal procedure may

apply retroactively if it passes the analysis established by *Teague v. Lane*, 489 U.S. 288, 290 (1989), which established two exceptions to non-retroactivity. *Gentry*, 432 F.3d at 602. The Fifth Circuit has concluded that *Booker* announces a new rule of procedure that does not fit into either of the two exceptions to non-retroactivity provided in *Teague*. *Id.* at 604-05. Because *Booker* does not apply retroactively to Nguyen's motion for relief under § 2255, this motion is untimely and must be DENIED.

New Orleans, Louisiana, this 13th day of July, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE